## WINDHAM *vs.* CLARKE et al.

1. When a claimant has appeared and proceeded without objection to a trial of the right of property, he cannot insist for the first time in this court that the suit was discontinued for want of prosecution.

2. Either party in a claim suit has the right before trial to require that the issue be made up, but if they go to trial without doing so, the want of an issue cannot be assigned in this court as error.

3. Where the verdict in a claim suit finds the issue generally in favor of the plaintiff, a judgment condemning the *interest* of one defendant in execution only is variant from the verdict and erroneous, but the error

Windham v. Clarke et al.

is one which does not require the cause to be remanded, and will consequently be here corrected at the cost of the plaintiff in error.

Error to the Circuit Court of Pickens. Tried before the Hon. Samuel Chapman.

Peck, for plaintiff in error.

Hungtington, for defendant.

DARGAN, C. J.—The record shows that an execution was issued from the County Court of Pickens, on the 2d day of February 1846, in favor of the defendants in error against James F. Tanner and Elizabeth Tanner, which was levied on the 5th day of June thereafter, on certain slaves, as the property of the defendants. On the 24th of June, the plaintiff in error claimed the slaves levied on, as his own, and made the usual affidavit in order to try the right of property. Nothing more appears to have been done in reference to the claim until the October term of the Circuit Court 1848. At this term we find the following entry: "This day came the parties by their attornies, and thereupon came a jury, &c., who being elected, tried and sworn well and truly to try the issue joined, upon their oaths do say, we the jury find the issue in favor of the plaintiffs in execution." The verdict then ascertains the value of each slave separately, upon which the court rendered judgment, that the interest of Elizath Tanner in said slaves be subject to be sold under said execution.

It is contended by the plaintiff in error that the cause was discontinued, and that the court should not have proceeded to try the right of property. It is true that the record does not inform us when the claim was returned to the Circuit Court for trial; but admitting that the claim was never returned until the term at which it was tried, yet as the claimant then appeared and made no objection to a trial, he cannot be heard in this court for the first time, alleging that the suit founded on the claim was discontinued for want of prosecution. When parties appear and go to trial on the merits of the cause without any objection, they must be considered as having waived the right, *if any they had, to have the suit discontinued.* We however, do not decide that the plaintiff in error was entitled

to move the court for a discontinuance—however that may be it is too late to claim that right after he has submitted to a trial in the court below without objection.

2. Nor can the plaintiff complain that it does not appear that an issue in writing was made up before the trial. In the case of Dent v. Smith, decided at the last term, we held that either the plaintiff in execution or the claimant had the right before the trial to insist that the issue be made up, but if this was not done, and the parties went to trial as if it had been, neither party can assign for error in this court that the parties proceeded to trial without an issue joined.

3. The judgment, however, does not correspond with the verdict. The verdict condemns the slaves to the satisfaction of the execution, but the judgment is that the interest of Elizabeth Tanner in said slaves be subjected to be sold under said execution. The judgment is erroneous in this respect— it should have been a judgment condemning the slaves to the satisfaction of the execution, and not a condemnation of the interest of Elizabeth Tanner, who was not, so far as we are informed by the record, a party to that issue. This error, however, is not such as requires the cause to be remanded, but the proper judgment must be here rendered, at the cost of the plaintiff in error, condemning the slaves to the satisfaction of the plaintiff's execution.